J-S30041-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD DRZEWIECKI, JR., | : | |
| | : | |
| Appellant | : | No. 79 WDA 2018 |

Appeal from the PCRA Order December 1, 2017
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000652-2008

BEFORE:  BENDER, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          FILED JULY 06, 2018

Richard Drzewiecki, Jr. (Appellant) pro se appeals from the December 1, 2017 order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We provide the following background.  In 2007, Appellant was charged with, inter alia, involuntary deviate sexual intercourse (IDSI) by forcible compulsion or threat of forcible compulsion.  On July 8, 2008, Appellant entered a guilty plea to IDSI, and the remaining charges were nolle prossed. On October 27, 2008, Appellant was sentenced to a term of 10 to 20 years of incarceration.  Appellant did not file a notice of appeal to this Court.

On October 9, 2009, Appellant pro se filed a PCRA petition.  The PCRA court appointed counsel on Appellant's behalf.  On December 4, 2009, in lieu of an amended PCRA petition, counsel filed a petition to withdraw and no-

_____

* Retired Senior Judge assigned to the Superior Court.

merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc). The PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition. Appellant did not file a notice of appeal from that order.

On March 19, 2010, Appellant pro se filed a second PCRA petition, which the PCRA court dismissed on May 14, 2010.[1] On June 9, 2010, Appellant filed a notice of appeal to this Court, but it was dismissed because Appellant failed to file a brief.

On November 6, 2015, Appellant pro se filed a third PCRA petition, which the PCRA court dismissed on December 1, 2015. Appellant filed a notice of appeal from the PCRA court's order. The Clerk of Courts returned the notice for corrections, but Appellant neglected to make those corrections.

On September 8, 2017, Appellant pro se filed the instant PCRA petition, his fourth. In that petition, Appellant asserted that he is serving an illegal sentence pursuant to our Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017) (holding that certain registration provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA) are punitive and retroactive application of those

---

[1] During the pendency of this PCRA petition, Appellant filed a motion for credit for time served, which the PCRA court granted.

provisions violates the federal ex post facto clause, as well as the ex post facto clause of the Pennsylvania constitution). On November 9, 2017, the PCRA court issued an opinion and notice of intent to dismiss without a hearing pursuant to Pa.R.A.P. 907. Specifically, the PCRA court concluded that Appellant was "properly subject to the registration requirements of Megan's Law II, which in this case has not been enhanced or changed under SORNA." PCRA Court Opinion, 11/9/2017. Appellant did not file a response, but he did file an amended PCRA petition. On December 1, 2017, the PCRA court dismissed Appellant's petition. This timely-filed appeal followed.[2]

On appeal, Appellant raises seven issues for review, in which he contends, inter alia, that the PCRA court erred in dismissing his petition because he is serving an illegal sentence pursuant to Muniz. Appellant's Brief at 4. Before reaching the merits of Appellant's claims, we must first consider whether Appellant has timely filed his petition, as neither this Court nor the PCRA court has jurisdiction to address the merits of an untimely-filed petition. Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming

---

[2] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court complied with Pa.R.A.P. 1925(a) by filing a statement relying on its November 9, 2017 opinion and notice of intent to dismiss. PCRA Court Order, 1/29/2018.

final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

"For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Here, Appellant was sentenced on October 27, 2008. He did not file a direct appeal, and thus his judgment of sentence became final 30 days later, on November 26, 2008, and he had one year, or until November 26, 2009, to file timely a PCRA petition. Thus, Appellant's September 8, 2017 petition is facially untimely, and he was required to plead and prove an exception to the timeliness requirements.

In his petition, Appellant attempts to plead the timeliness exception set forth in subsection 9545(b)(1)(iii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that … the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been

held by that court to apply retroactively.").[3]  Specifically, Appellant relies on our Supreme Court's holding in Muniz in support of his petition.  PCRA Petition, 9/8/2017, at 5.

This Court considered whether Muniz applies under similar circumstances in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018).  In that case, Murphy was convicted of a number of sex-related crimes in 2007, and after review, his judgment of sentence became final on July 28, 2009.  On October 18, 2017, while a serial PCRA petition was pending in this Court, Murphy filed a motion asserting that Muniz rendered portions of his sentence unconstitutional.  This Court considered that argument and offered the following.

> Here, we acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera–Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because [Murphy's] PCRA petition is untimely (unlike the petition at issue in Rivera–Figueroa), he must demonstrate that the

---

[3] Appellant also attempts to plead the timeliness exception set forth in subsection 9545(b)(1)(ii) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that ... the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]").  However, Appellant's "newly discovered fact" is the contention that the Commonwealth cannot apply Megan's Law retroactively.  PCRA Petition, 9/8/2017, at 3.  This is not a fact, but an attempt to refashion the basis for his subsection 9545(b)(1)(iii) exception into a separate exception under subsection 9545(b)(1)(ii).  Because Appellant has not pled or proven a newly discovered fact, we review the timeliness of his PCRA petition based on the argument he set forth supra under subsection 9545(b)(1)(iii).

Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [Murphy] cannot rely on Muniz to meet that timeliness exception.

Murphy, 180 A.3d at 405–06 (emphasis in original; some citations omitted).

In other words, this Court concluded that the holding in Muniz does not apply at this point to untimely-filed PCRA petitions. This Court acknowledges that "if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, Murphy can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception in section 9545(b)(1)(iii)." Murphy, 180 A.3d at 406 n.1. The same holds true for Appellant.

Based on the foregoing, we conclude that Appellant's petition was filed untimely, and he has not asserted an exception to the timeliness requirements. Thus, he is not entitled to relief. See Commonwealth v. Albrecht, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2018